UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJID ALZID, as Personal Representative
of the ESTATE OF CHRISTOPHER
MORGAN, deceased,

       Plaintiff,                  Case No.

-vs-                                       Hon.
                                              Mag.

GIZELLE PORTER, JEFFERY STOKES,
SCOTT CORRION, JOHN DOE 1, and JOHN
DOE 2 in their individual capacities only,

       Defendants.

JONATHAN R. MARKO (P72450)
CASEY A. LANDIS (P66625)
**MARKO LAW, PLLC**
Attorney for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI  48226
P: (313) 777-7529 / F: (313) 771-5785
casey@markolaw.com

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

## **PLAINTIFF'S COMPLAINT & JURY DEMAND**

NOW COMES Plaintiff, MAJID ALZID, as personal representative of Christopher Morgan, by and through his attorneys, **MARKO LAW, PLLC**, and for his Complaint against the abovenamed Defendants, states as follows:

1

## JURISDICTION & VENUE

1. Plaintiff is a resident of the City of Flint, County of Genesee, State of Michigan.

2. At all relevant times, Defendant Gizelle Porter ("Porter"), upon information and belief, resided in the County of Ionia, and was employed by the Michigan Department of Corrections and served as an officer at Michigan Reformatory (RMI), located in the County of Ionia, State of Michigan.

3. At all relevant times, Defendant Jeffery Stokes ("Stokes"), upon information and belief, resided in the County of Ionia, and was employed by the Michigan Department of Corrections and served as an officer at Michigan Reformatory (RMI), located in the County of Ionia, State of Michigan.

4. At all relevant times, Defendant Scott Corrion ("Corrion"), upon information and belief, resided in the County of Ionia, and was employed by the Michigan Department of Corrections and served as an officer at Michigan Reformatory (RMI), located in the County of Ionia, State of Michigan.

5. At all relevant times, Defendant John Doe 1, upon information and belief, resided in the County of Ionia, and was employed by the Michigan Department of Corrections and served as an officer at Michigan Reformatory (RMI), located in the County of Ionia, State of Michigan.

6. At all relevant times, Defendant John Doe 2, upon information and belief, resided in the County of Ionia, and was employed by the Michigan

Department of Corrections and served as an officer at Michigan Reformatory (RMI), located in the County of Ionia, State of Michigan.

7. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and pendant jurisdiction over state claims that arise out of the nucleus of operative facts common to Plaintiff's federal claims.

8. All facts relevant hereto occurred in the City of Ionia, County of Ionia, State of Michigan.

9. All acts and/or omissions of the defendants set forth herein were done under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan, and by virtue of and under the authority of Defendants' employment and/or agency relationship with the Michigan Department of Corrections.

10. When the events in this complaint took place, Defendants were all acting within the scope of their employment and under color of State law.

## FACTUAL ALLEGATIONS

11. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

12. The Michigan Department of Corrections operates the Michigan Reformatory (RMI), a multi-level Correctional Facility located at 1342 West Main, Ionia, MI 48846.

13. Christopher resided at the Michigan Reformatory (RMI) at the time of his death on November 2, 2019.

14. Defendants knew or should have known that Christopher was a heroin and opiate user, as it was documented in his file.

15. Defendants also knew or should have known that Christopher had previously gained access to heroin, prescription opiates, and other contraband during Christopher's time at the Michigan Reformatory.

16. On or about November 1, 2019, and/or November 2, 2019—preceding Christopher's death—each Defendant was advised that Christopher was experiencing blurred vision, which is an indication of opiate overdose.

17. Moreover, Defendant Porter observed Plaintiff making loud and unusual noises while he was asleep on or about November 1, 2019, and/or November 2, 2019, preceding Christopher's death.

18. Additionally, nearby inmates had informed Defendants that Plaintiff was in need of medical care.

19. Defendants knew or should have known based on Christopher's reported blurred vision and the loud and the unusual noises that Christopher made while sleeping that he was experiencing an overdose.

20. Defendants ignored Christopher's symptoms without further monitoring and/or assistance, despite them being familiar with Christopher.

4

21. At approximately 5:32 AM on November 2, 2019, Defendant Porter passed Christopher's cell and noticed that Christopher was not breathing.

22. Defendant Porter called for assistance from the other Defendants.

23. A call was made to 911 for an ambulance at 5:40 AM.

24. Christopher was pronounced dead at 5:58 AM.

## COUNT I:
## VIOLATIONS OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
*(DENIAL OF MEDICAL TREATMENT FOR SERIOUS MEDICAL NEEDS – DELIBERATE INDIFFERENCE – ALL DEFENDANTS)*

25. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

26. Decedent was entitled to all rights, privileges, and immunities accorded to all incarcerated citizens of the State of Michigan and the United States.

27. At all relevant times, Defendants were acting within the course and scope of their employment with the State of Michigan and the Department of Corrections and/or Michigan Reformatory and were acting under color of state law with authority granted to them as corrections officers or Sergeants.

28. Pursuant to 42 U.S.C. §1983, as well as the Eighth and Fourteenth Amendments to the United States Constitution, the individually named Defendants owed Christopher duties to act prudently and with reasonable care, and otherwise to avoid cruel and unusual punishment while Plaintiff was incarcerated and under the custody and control of the State of Michigan at Michigan Reformatory.

29. The conduct of Defendants deprived Christopher of his clearly established rights, privileges, and immunities in violation of the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. § 1983.

30. Defendants owed duties to Michigan Reformatory (RMI) detainees and inmates and to Christopher in particular, to act prudently and with reasonable care in the formulation of its policies and procedures relative to providing prompt and immediate medical treatment to its detainees and inmates, as well as to train, test, evaluate, review, and update its officers, deputies, and/or corrections officers' abilities to function in a reasonable manner and in conformance with the laws of the United States and the State of Michigan related to providing detainees and inmates with necessary and life-saving medical attention.

31. Defendants objectively knew that Christopher had a substantial medical risk—acknowledged by this Court as a "serious medical need"—in the following ways, which included, but were not limited to:

   a. That Christopher had previous incidents of possession of drugs/contraband, and substance abuse—such as marijuana, prescription opiates, and heroin—while he was incarcerated at Michigan Reformatory (RMI).

   b. That employees and/or agents documented that Christopher was known to possess, and use illegal substances such as marijuana, prescription opiates, and heroin.

   c. Any other ways which may become known during discovery.

32. The conduct of Defendants, all acting within the scope of their employment, exhibited deliberate indifference, in violation of Christopher's civil rights, and thereby imposed cruel and unusual punishment in violation of Christopher's Eighth and Fourteenth Amendment rights in the following ways:

   a. Failure to properly train jail personnel in evaluating whether a detainee needs medical treatment, especially as it applies to inmates who are known opiate users;

   b. Failing to care for the basic medical health needs of detainees and inmates, specifically, Christopher;

   c. Failing to timely have Christopher evaluated by nursing staff;

   d. Disregarding Christopher's obvious signs of deterioration, and objectively serious medical needs;

   e. Failing to timely transfer Christopher to the medical ward and/or a hospital who was equipped with dealing with opiate users;

   f. Failing to provide or obtain care or treatment that was necessary to save Christopher's life;

   g. Failing to refrain from acting with gross negligence or deliberate indifference toward or willful disregard of any violation of Christopher's constitutional rights;

   h. Any other breaches which become known during discovery.

33. As a direct and proximate result of Defendants' above cited violations of Christopher's civil rights, Christopher died and thus his estate, by the Personal Representative, Majid Alzid, has and will continue to suffer damages in the future, which include, but are not limited to:

   a. Reasonable funeral and burial expenses;

7

  b. Reasonable compensation for the pain and suffering undergone by Christopher while he was conscious during the time between his first symptoms and his death;

  c. Loss of financial support;

  d. Loss of service;

  e. Loss of gifts or other valuable gratuities;

  f. Loss of society and companionship; and

  g. Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, MCLA § 600.2922.

34. Christopher Morgan is survived by one or more persons eligible to recover damages under the wrongful death act.

## COUNT II:
## GROSS NEGLIGENCE, WILLFUL, AND WANTON CONDUCT
## ALL DEFENDANTS

35. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

36. At all times relevant hereto, the individually named officers, deputies, and/or corrections officers were acting within the course and scope of their employment with Michigan Reformatory (RMI).

37. Defendants owed Christopher the duty to provide medical care for his serious medical needs.

8

38. Defendants, acting within the scope of their employment with the State, breached this duty and were grossly negligent as that term is defined in MCL § 691.1407(2)(c), when they acted with willful and wanton disregard for the health and welfare and safety of the decedent by the actions described above; said acts having been committed intentionally or so recklessly as to demonstrate a substantial lack of concern as to whether injury would result and/or their acts of willful and wanton misconduct toward Christopher and in disregard for his health, safety and constitutional/statutory rights.

39. At all relevant times, Defendants were grossly negligent and/or committed acts of willful and wanton misconduct in one or more of the following ways:

   a. Failure to properly train jail personnel in evaluating whether a detainee needs medical treatment, especially with regard to acute drug intoxication and/or overdose;

   b. Failing to care for the basic needs of detainees and inmates, specifically those of Christopher;

   c. Disregarding Christopher's obvious signs of deterioration, and objectively serious medical needs;

   d. Failing to timely have Christopher evaluated by nursing staff;

   e. Failing to timely transfer Christopher to the medical ward and/or a hospital who was equipped with dealing with opiate users;

   f. Failing to refrain from acting with gross negligence or deliberate indifference toward or willful disregard of any violation of Christopher's constitutional rights;

  g. Failing to refrain from intentionally denying or delaying access to appropriate medical care;

  h. Any other breaches which become known during discovery.

40. Defendants' conduct was and remains extreme and outrageous, subjecting Defendants to punitive damages.

41. As the direct and proximate result of the above cited violations of Christopher's civil rights by Defendants, Christopher died and thus his estate, through Majid Alzid has and will continue to suffer damages in the future, including, but not limited to:

  a. Reasonable funeral and burial expenses;

  b. Reasonable compensation for the pain and suffering undergone by Christopher while he was conscious during the time between his first symptoms and his death;

  c. Loss of financial support;

  d. Loss of service;

  e. Loss of gifts or other valuable gratuities;

  f. Loss of society and companionship; and

  g. Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, MCLA § 600.2922.

WHEREFORE, Plaintiff, Majid Alzid, as Personal Representative of the Estate of Christopher Morgan, deceased, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, pursuant to 42 U.S.C.

§1983, in an amount in excess of $75,000 together with costs, interest, attorney fees, and punitive damages.

                Respectfully submitted,

*/s/ Casey A. Landis*
CASEY A. LANDIS (P66625)
**MARKO LAW, PLLC**
Attorney for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI  48226
P: (313) 777-7529 / F: (313) 771-5785
casey@markolaw.com

Date:  November 5, 2021

## DEMAND FOR TRIAL BY JURY

NOW COMES the above-named Plaintiff, by and through his attorneys, **MARKO LAW, PLLC**, and hereby demands a trial by jury in the above-captioned matter.

                Respectfully submitted,

*/s/ Casey A. Landis*
CASEY A. LANDIS (P66625)
**MARKO LAW, PLLC**
Attorney for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI  48226
P: (313) 777-7529 / F: (313) 771-5785
casey@markolaw.com

Date:  November 5, 2021