UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJID ALZID, Personal Representative
of the Estate of
Christopher Morgan, deceased

           Plaintiff,

Case No. 1:21-cv-942

Hon. Paul L. Maloney

v.

GIZELLE PORTER, JEFFERY STOKES,
SCOTT CORRION, JOHN DOE 1
and JOHN DOE 2,

           Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Christopher Morgan was a prisoner in the custody of the Michigan Department of Corrections incarcerated at the Michigan Reformatory (RMI).  Mr. Morgan died on November 2, 2019.  Plaintiff Majid Alzid is the personal representative of the Estate of Christopher Morgan, deceased.  Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against corrections officer (CO) Gizelle Porter, CO Jeffery Stokes, CO Scott Corrion, and the Doe defendants for violations of the decedent's constitutional rights and violations of state law.  This matter is now before the Court on defendants' motion for partial dismissal (ECF No. 12) which seeks to dismiss plaintiff's state law claim of gross negligence alleged in Count II.

      **I.**    **Background**

        Plaintiff set forth the following allegations.  Defendants knew or should have known that Mr. Morgan was a heroin and opiate user and that he "previously gained access to heroin, prescription opiates, and other contraband" while at RMI.  Comp. (ECF No. 1, PageID.4).

1

"On or about November 1, 2019, and/or November 2, 2019" each defendant was advised that Morgan was experiencing blurred vision which is an indication of opiate overdose. *Id*. Defendant CO Porter observed Morgan "making loud and unusual noises while he was asleep on or about November 1, 2019, and/or November 2, 2019." *Id*.[1] Nearby prisoners "had informed Defendants that [Morgan] was in need of medical care." *Id*. Defendants knew or should have known that Morgan was experiencing an overdose due to his blurred vision and loud sleeping noises, but they ignored the symptoms. *Id*. On November 2, 2019, at approximately 5:32 a.m., defendant CO Porter passed Morgan's cell and noticed that he was not breathing. *Id*. at PageID.5. CO Porter called for assistance from the other defendants, someone called 911 for an ambulance at 5:40 a.m., and Morgan was pronounced dead at 5:58 a.m. *Id*.

Plaintiff has filed two counts. In Count I, brought pursuant to 42 U.S.C. § 1983, plaintiff sued defendants for violations of the Fourth, Eighth and Fourteenth Amendments for deliberate indifference to Mr. Morgan's serious medical needs. *Id*. at PageID.5-8. In Count II, plaintiff sued defendants for state law torts of "gross negligence, willful and wanton conduct" for disregarding Morgan's "health, safety, and constitutional statutory rights." *Id*. at PageID.8-11.

## II.    Legal Standard

Defendants seek to dismiss the state tort claims in Count II pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims against them.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a

---

[1] In the complaint, plaintiff incorrectly refers to the decedent Christopher Morgan as the "Plaintiff."

2

defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### III.    Discussion

Plaintiff's Count II alleged state law claims of gross negligence "when [defendants] acted with willful and wanton disregard for the health and welfare and safety of the decedent by the actions described above." Compl. at PageID.9. Defendants seek to dismiss this count. Pursuant to 28 U.S.C. § 1367(a), this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, defendants appear to seek relief under § 1367(c)(4), on the basis that there is a compelling reason to decline supplemental jurisdiction over plaintiff's gross negligence claims. Defendants rely on the reasoning in *Allen v. Breed*, No. CIV. 05-40064, 2005 WL 1027568 at *2 (April 20, 2005), *amended* 2005 WL 8156149 (E.D. Mich. June 8, 2005) which states in pertinent part:

> Litigation in the federal courts involving both federal law claims and supplemental state law claims has caused procedural and substantive problems.

3

> Even if the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience. Federal and state law each have a different focus, and the two bodies of law have evolved at different times and in different legislative and judicial systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.
>
> The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

*Allen*, 2005 WL 1027568 at *2.

Defendants ask the Court to adopt this rationale in the present case because plaintiff is pursuing nearly identical federal (deliberate indifference to serious medical needs under § 1983) and state (gross negligence) claims. Defendants' Brief (ECF No. 13, PageID.39). "Pursuing these claims together doubles the number of jury instructions and the length of the verdict form, confuses the jury, and makes it difficult to determine attorney's fees under § 1988 should plaintiff obtain a verdict." *Id*. While the undersigned believes this to be true in many cases, such considerations should be determined by the trial judge. *See, e.g., Murphy v. Bonn*, No. 1:13-CV-220, 2014 WL 4187718 at *2 (W.D. Mich. Aug. 22, 2014) (Maloney, DJ) (in addressing whether to dismiss a supplemental state law claim for gross negligence, the court concluded that "[defendant's] arguments about simplifying the trial and jury confusion . . . do not warrant dismissing the gross negligence claim."). Here, this ground for dismissal should be denied.

Defendants also seek dismissal because plaintiff's claim of gross negligence are fully premised on federal deliberate indifference claim and "Michigan courts have rejected attempts to transform claims involving elements of intentional torts into claims of gross

4

negligence. *VanVorous v. Burmeister*, 262 Mich. App. 467, 483-84 (2004)[.]" Defendants' Brief at PageID.40.  The Sixth Circuit recognizes that "Michigan has rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence." *Miller v. Sanilac County*, 606 F.3d 240, 254 (6th Cir. 2010) (internal quotation marks omitted).  However, the Sixth Circuit also recognizes that "plaintiffs are barred from bringing gross-negligence claims only if those claims are 'fully premised' on alleged intentional torts. *Brent v. Wayne County Department of Human Services*, 901 F.3d 656, 701 (6th Cir. 2018).  Here, plaintiff's gross negligence claims are not fully premised on alleged intentional torts.  *See* Compl. at PageID.9-10.  Accordingly, this ground for dismissal should be denied.

### IV.    Recommendation

Accordingly, I respectfully recommend that defendants' motion for partial dismissal (ECF No. 12) be **DENIED**.

Dated: February 21, 2023

/s/ Ray Kent
Ray Kent
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).