UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MAJID ALZID, as Personal Representative of the Estate of Christopher Morgan, deceased,<br>　　　　Plaintiff,<br><br>v.<br><br>GIZELLE PORTER, *et al.*,<br>　　　　Defendants. | No. 1:21-cv-942<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Ray Kent, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on February 21, 2023 (ECF No. 43). Judge Kent recommends that this Court deny Defendants' motion to dismiss Count II of Plaintiff's complaint. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Defendants have raised two objections to the R&R (ECF No. 45), and Plaintiff did not respond. For the following reasons, the Court will overrule Defendants' objections and adopt the R&R as the opinion of the Court.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

According to the complaint, Plaintiff is the personal representative of Christopher Morgan's estate. At the time of his death, Morgan resided at the Michigan Reformatory (RMI) in the custody of the Michigan Department of Corrections (MDOC). The complaint alleges that Morgan was a heroin and opiate user and that Defendants should have known of his drug use because it was documented in Morgan's file and because he had previously gained access to heroin and opiates during his time in MDOC custody (ECF No. 1 at PageID.4). On November 1, 2019, Morgan allegedly began experiencing overdose symptoms, such as blurred vision and making loud, unusual noises. Plaintiff claims that Defendants ignored Morgan, and he subsequently passed away the following morning. Plaintiff, in his capacity as the personal representative of Morgan's estate, then commenced this action in November 2021, bringing one claim of deliberate indifference, via 42 U.S.C. § 1983, in violation of the Eighth Amendment and one claim of gross negligence in violation of Michigan law.

Defendants moved to dismiss the state-law gross negligence claim for two reasons: (1) the Court should decline to exercise supplemental jurisdiction over this claim, and (2) even if the Court exercised supplemental jurisdiction, the gross negligence claim should be dismissed for failure to state a claim because it is fully premised on the deliberate indifference claim (*see* ECF No. 13). Judge Kent recommends denying Defendants' motion in its entirety,

and Defendants have raised two objections to the R&R's recommendations. The Court conducted a de novo review of Defendants' objections to the R&R. On review of the evidence, the R&R is adopted over Defendants' objections.

First, Defendants ask the Court to reject the R&R's recommendation to exercise supplemental jurisdiction over Plaintiff's state-law gross negligence claim. They argue that judicial economy would be better served by litigating the state-law claim in state court. The Court disagrees. Effectively severing the complaint in half and forcing Plaintiff to litigate his state-law claim, that arises out of the same facts as his federal claim, in a different court would not promote judicial economy and would risk inconsistent rulings. *See Murphy v. Bonn*, No. 1:13-cv-220, 2014 WL 4187718, at *2 (W.D. Mich. Aug. 22, 2014) (declining to dismiss a supplemental state-law gross negligence claim because "[the defendant's] arguments about simplifying the trial and jury confusion . . . do not warrant dismissing the gross negligence claim"). Thus, in its discretion, the Court will exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over Plaintiff's state-law claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Second, Defendants object to the R&R's finding that Plaintiff's gross negligence claim is not fully premised on an intentional tort and therefore, should not be dismissed for failure to state a claim. In the Court's judgment, Defendants fail to raise any argument that they have not already raised in their motion to dismiss; they simply re-assert that paragraphs 32 and 39 contain identical language. Mere disagreement with the findings of the R&R is not an "objection" within the meaning of Fed. R. Civ. P. 72. *See Brown*, 2017 WL 4712064, at *2. But even if Defendants raised a proper objection, the Court would still overrule it. "Michigan

does allow gross negligence claims based on allegations that also form the basis of a claim for intentional use of excessive force," *Jackson v. Lubelan*, 657 F. App'x 497, 502 (6th Cir. 2016), so long as "a plaintiff seeking to raise a common-law negligence claim must show that the defendant owed him a duty of care." *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 701 (6th Cir. 2018). Here, Plaintiff has met this standard. Plaintiff alleges that Defendants owed Morgan a duty to provide medical care for his serious medical needs and that Defendants breached this duty by committing numerous failures (ECF No. 1 at PageID.8-9, ¶¶ 37-39). At this stage in the litigation, the Court finds that Plaintiff has stated a claim under Michigan law. Thus, the Court will overrule Defendants' second objection to the R&R, and Plaintiff's state-law gross negligence claim will survive Defendants' partial motion to dismiss.

Given that Defendants have failed to establish an error in the Magistrate Judge's analysis and Plaintiff has stated a claim with respect to Count II, the Court accepts the recommendations in the R&R and denies Defendants' partial motion to dismiss. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 43) as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' partial motion to dismiss (ECF No. 12) is **DENIED.**

**IT IS SO ORDERED.**

Date:  March 22, 2023                           /s/ Paul L. Maloney
                                                                                          Paul L. Maloney
                                                                                          United States District Judge