UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MAJID ALZID, PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER MORGAN, DECEASED,<br>       Plaintiff,<br><br>v.<br><br>GIZELLE PORTER, et al.,<br>       Defendants. | No. 1:21-cv-942<br><br>Hon. Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

Christopher Morgan was a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). Mr. Morgan died from a drug overdose while incarcerated at the MDOC's Michigan Reformatory ("RMI"). Plaintiff Majid Alzid, the personal representative of Mr. Morgan's estate, filed this lawsuit under 42 U.S.C. § 1983 against corrections officer ("CO") Gizelle Porter, CO Jeffery Stokes, CO Scott Corrion, and two "John Doe" Defendants for violating the decedent's constitutional rights. Plaintiff also alleged that Defendants acted with gross negligence as defined by MCL § 691.1407(2). (ECF No. 1). Defendants moved for summary judgment, and Plaintiff filed a motion to deny Defendants' motion for summary judgment. (ECF Nos. 52, 58).

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted, Plaintiff's motion be denied, the two John Doe Defendants be dismissed, and the case be terminated. (ECF No. 67). Plaintiff

1

filed objections to the R&R, and Defendants responded. (ECF Nos. 72, 75). As explained below, the Court will overrule Plaintiff's objections and adopt the R&R.

## II. Legal Standard

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. Analysis

Plaintiff raised three objections to the R&R. First, Plaintiff reasserts that Defendant Porter acted with deliberate indifference. Second, Plaintiff argues that Defendants acted with gross negligence. Finally, Plaintiff asserts that the Court erred by focusing on the Plaintiff's conduct instead of the Defendants' conduct when it ruled on the parties discovery dispute. Each will be addressed in turn.

### A. Objection 1

The R&R concluded that Porter's conduct did not rise to the level of deliberate indifference because Porter's actions did not meet the subjective prong of the deliberate indifference claim. (ECF No. 67 at 448). Plaintiff objects to the R&R's finding that Porter had no basis to conclude Morgan had a medical emergency that required medical intervention. Plaintiff contends that Porter was on notice of the risk of injury and/or death to Plaintiff for three reasons: (1) multiple inmates had overdosed prior to Morgan, (2) "two inmates pleaded with Porter to send medical aid," and (3) the inherent risk of drug overdose within prison. (ECF No. 72 at PID 484). Defendants counter that the R&R applied the correct standard.

The R&R correctly concluded that Porter's conduct did not rise to the level of deliberate indifference. To establish the subjective component of the deliberate indifference analysis, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Contrary to Plaintiff's assertions, neither

prisoner-witnesses Lopez nor Shirk told Porter that Morgan had taken illegal drugs. (ECF No. 53-6 at PID 263); (ECF No. 53-7 at PID 271). Porter also checked on Morgan after Lopez had expressed his concerns. (ECF No. 53-6 at PID 263). Additionally, the inherent risks of drug overdose within prisons alone cannot be sufficient to put Defendants on notice to satisfy the subjective prong of the deliberate indifference analysis. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

## B. Objection 2

Next, Plaintiff asserts that there remains a question of fact as to whether Defendants acted with gross negligence. The R&R concluded that because the Defendants actions (or lack thereof) were not the proximate cause of Plaintiff's death, Defendants were immune under Michigan law. (ECF No. 67 at PID 450–51). The statute is clear:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency . . . is immune from tort liability for an injury to a person . . . caused by the officer [or] employee . . . while in the course of employment . . . while acting on behalf of a governmental agency if all of the following are met: (a) The officer [or] employee . . . is acting or reasonably believes he or she is acting within the scope of his or her authority. (b) The governmental agency is engaged in the exercise or discharge of a governmental function. (c) The officer's [or] employee's conduct does not amount to gross negligence that is the proximate cause of the injury . . .

MCL § 691.1407(2). Plaintiff does not address the proximate cause analysis and ignores that Plaintiff died from "[a]cute toxicity by the combined effects of ethanol and heroin" which arose from "Drug and ethanol use." (*See* Death Cert. at PID 258). The R&R correctly

concluded that Defendants were immune under Michigan law. *See, e.g., Hyman v. Lewis*, 27 F.4th 1233, 1238–39 (6th Cir. 2022).

## C. Objection 3

Finally, Plaintiff asserts the R&R is "erroneous because it focused entirely on the conduct of the parties in discovery." (ECF No. 72 at PID 486). This is plainly untrue as the first 15 pages of the R&R concern the merits of Plaintiff's claims. (ECF No. 67 at PID 437–51). Additionally, Plaintiff alleges that the R&R "did not properly focus" on the Defendants' "failure to provide the documents Plaintiff requested." (ECF No. 72 at PID 486). The R&R explains in detail the discovery disagreement between Plaintiff and Defendants. (ECF No. 67 at PID 452–67). Plaintiff's third objection is vague and unsupported. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

## IV. Conclusion

Plaintiff's objections lack merit. The Court will adopt the Report and Recommendation. Defendants' motion for summary judgment will be granted, Plaintiff's motion will be denied, the two John Doe Defendants will be dismissed, and the case will be terminated.

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 67) is **ADOPTED** by the Court.

**IT IS SO ORDERED.**

Date: December 6, 2023 /s/ Paul L. Maloney  
Paul L. Maloney  
United States District Judge